SPECIAL SCHOOL DIST. OF ASHDOWN, ARK., v. JONES et al.

(Circuit Court of Appeals, Eighth Circuit. April 1, 1918.)

No. 5016.

JURY ☞31(3)—RIGHT TO TRIAL BY JURY—LEGAL OR EQUITABLE ISSUES.

The action of a trial court in transferring from the law to the equity side an action at law brought by a building contractor for breach of contract, in which defendant denied the breach and pleaded a counterclaim, and where no accounting was required and the issues were clearly at law and triable to a jury, *held* error.

Appeal from the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

Action by J. C. Jones and D. V. Harrington, partners, against the Special School District of Ashdown, Ark. The cause was transferred to the equity docket and heard as in equity, resulting in a decree for plaintiffs, from which defendant appeals. Reversed.

James D. Head, of Texarkana, Ark. (Steel & Lake, of Ashdown, Ark., on the brief), for appellant.

Will Steel, of Texarkana, Ark. (H. C. Mechem, of Fort Smith, Ark., and William M. Hall, of Memphis, Tenn., on the brief), for appellees.

Before HOOK, CARLAND, and STONE, Circuit Judges.

CARLAND, Circuit Judge. Appellees brought an action at law against the appellant to recover damages for the breach of a contract, whereby appellees agreed with appellant to provide all the materials and perform all the work necessary for the erection and completion of a two-story brick schoolhouse, with basement, for the sum of $26,-500. The complaint alleged as a breach of the contract that, when appellees had assembled materials of the value of $7,834.10, and had performed labor in preparing and placing said materials in said schoolhouse of the value of $3,037.92, appellant ejected appellees from the premises and took possession of the schoolhouse, so far as completed, and all of the materials furnished by them and not yet used, and refused to pay appellees any greater sum than had already been paid, viz. $7,446. The damages prayed for consisted of the balance due for labor and materials performed and furnished, which was $3,425.02, and loss of prospective profits, had appellees been permitted to perform the contract, which were alleged to be $2,650, making the total amount of damage claimed $6,619.62.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appellant filed an answer and counterclaim, wherein it alleged that it took possession of the schoolhouse, when partially completed, for reasons which were pleaded in the answer, and completed the same at an expense over and above the contract price of $5,506.74. Appellant also claimed that appellees ought to be charged with the sum of $210 by reason of changes in the plans whereby appellees were enabled to save that amount; that appellees should also be charged with the sum of $945 for 420 barrels of cement not used as agreed in the construction of the concrete work. Damages were also claimed for failure to complete the schoolhouse at the time agreed in the sum of $690. Judgment was therefore prayed on the counterclaim against appellees for $7,352.23.

Appellees filed a reply, which amounted to a special denial of the allegations of the counterclaim. The case came on for trial before the court and a jury, and after the jury had been sworn, and the trial had proceeded for some time, the trial court discharged the jury from further consideration of the case, and ordered that the complaint, answer, and counterclaim should stand, and that appellees should file a replication, praying an accounting, and include therein a motion to transfer the case to the equity docket. This order being entered upon the record, the court then ordered the case transferred to the equity docket, to be proceeded therein as an equity case, the testimony taken to be regarded as introduced before the court. Appellant excepted to this order and assigns the same as error. The case having been transferred as stated, the court proceeded to hear the same as a cause in equity without a jury, and rendered a decree against the appellant for $1,314, being the amount of the retained percentage of 15 per cent. according to the terms of the contract.

The trial court, in ordering the transfer of the case to the equity docket, referred to sections 274a and 274b of the Judicial Code, as added by Act March 3, 1915, c. 90, 38 Stat. 956 (Comp. St. 1916, §§ 1251a, 1251b). In order to make section 274a applicable, it was necessary for the trial court to find that the action on trial should have been brought in equity. Section 274b has no application, as the appellant pleaded no equitable defense, and when appellees, pursuant to the order of the court, alleged in their replication that the matters and things therein alleged were of exclusively equitable jurisdiction, it did not make them so. The replication, as above stated, was simply a special denial of the allegations of the counterclaim, and prayed for judgment in accordance with the prayer of the complaint. No ground of equitable jurisdiction appeared upon the record, and no equitable relief was asked or granted by or to either party. There is no allegation anywhere in the pleadings that the determination of the case involved an accounting, nor was such the fact. This is well illustrated by the judgment rendered, which was for the recovery of the retained percentage provided for in the contract, and that percentage was not disputed, if appellant was liable for it. The right of trial by jury in suits at common law where the value in controversy exceeds $20 is preserved by the Seventh Amendment to the Constitution of the United States, and is highly valued by suitors. No suitor should be deprived

of the right against his consent in cases where he is entitled to it under the law of the land. Section 267 of the Judicial Code (Comp. St. 1916, § 1244) also provides that suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law. No reason appears why the remedy at law in this case was not plain, adequate, and complete.

The action was essentially an action at law to recover damages for breach of contract. When it was once determined who breached the contract in respect to the different claims under the pleadings, no accounting was necessary, in the sense in which an accounting gives a court of equity concurrent jurisdiction with a court of law. The action was not for an accounting, and none was had. To sustain the jurisdiction of a court of equity over this action would send all litigation concerning building contracts to the chancellor, a result subversive of rights guaranteed by the law of the land. We think it is clear that the trial court erred in deciding that the action ought to have been brought in equity, and in transferring it to the equity docket against the consent of appellant.

The decree below is therefore reversed, and the case remanded, with instructions to transfer the cause to the law docket, there to be proceeded with as law and justice may require.